FILED
2026 Sep-02 PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "A"

ELECTRONICALLY FILED
7/31/2026 2:14 PM
61-CV-2026-900449.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93 Rev. 9/25 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas[e Number:]<br>61[-CV-2026-900449.00]<br>Date of Filing: 07/31/2026 Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**
**TERRI MICHELLE MCDANIEL v. WAL-MART STORES EAST, LP ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** P ☐ **APPEAL FROM PROBATE COURT**
A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **YES** ☐ **NO**
**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**
FLO033    7/31/2026 2:14:50 PM    /s/ VIRGINIA FLOWERS GAMBACU
Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ **YES** ☐ **NO** ☑ **UNDECIDED**

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ **YES** ☑ **NO**

ELECTRONICALLY FILED
7/31/2026 2:14 PM
61-CV-2026-900449.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **TERRI MICHELLE MCDANIEL, an individual;** | ) | |
| **Plaintiff,** | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | **CIVIL ACTION NO.:** |
| **WAL-MART STORES EAST, LP, a foreign limited partnership doing business in Alabama; WALMART INC., a foreign corporation doing business in Alabama; and FICTITIOUS PARTY DEFENDANTS:** | ) | |

**No. 1,** whether singular or plural, being the person or legal entity responsible for operating the premises where the incident giving rise to this lawsuit occurred on May 23, 2025;
**No. 2,** whether singular or plural, being the person or legal entity who or which owned, operated, controlled, maintained, and/or had any interest in the premises where the incident made the basis of this lawsuit occurred;
**No. 3,** whether singular or plural, being the person or legal entity who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;
**No. 4,** whether singular or plural, being the person or legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit;
**No. 5,** whether singular or plural, being the person or legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;
**No. 6,** whether singular or plural, being the person, employee, agent, or servant who caused or allowed the cart to collide with Plaintiff on the date of the incident made the basis of this case;
**No. 7,** whether singular or plural, being the person or legal entity who or which hired, trained, managed, and/or supervised the person, employee, agent, or servant responsible for the premises involved in the occurrence made the basis of this lawsuit;
**No. 8.,** whether singular or plural, being the person or legal entity who or which was responsible for hiring, training, overseeing, supervising, managing, directing, controlling, and/or commanding the person, employee, agent or servant who caused or contributed to the incident made the basis of this lawsuit
**No. 9**, whether singular or plural, being that person or legal entity who contracted with any named or fictitious defendant to provide hiring, training, management, or supervision to its employees, agents, or servants.
**No. 10,** whether singular or plural, being the manager of Walmart Supercenter #730, 41301 U.S. Highway 280, Sylacauga, Alabama 35150, on May 23, 2025;
**No. 11**, whether singular or plural, being the person or legal entity who or which failed to warn the Plaintiff of the unreasonably dangerous or hazardous condition of the premises where the incident made the basis of this lawsuit occurred;
**No. 12,** whether singular or plural, being the person or legal entity responsible for creating the unreasonably dangerous, hazardous, or defective condition of the premises where the incident made the basis of this lawsuit occurred;

**No. 13,** whether singular or plural, being the person or legal entity having a duty to keep the premises safe and secure for invitees, such as Plaintiff, while on the premises where the incident made the basis of this lawsuit occurred;
**No. 14,** whether singular or plural, being the legal entity who or which was responsible for conducting safety inspections or hazard analysis at or with reference to the site of the incident made the basis of this lawsuit;
**No. 15,** whether singular or plural, being the legal entity providing insurance coverage, including general liability, premises, and/or excess coverage, for the premises where the incident made the basis of this lawsuit occurred;
**No. 16,** whether singular or plural, being the legal entity providing insurance coverage, including general liability, premises, and/or excess coverage, for the person or legal entity who or which owned, operated, maintained, leased, or otherwise had the right to control the premises where the incident made the basis of this lawsuit occurred;
**No. 17,** whether singular or plural, being the legal entity who or which provided any insurance coverage of whatever kind or character, including umbrella or excess coverage, for any of the named defendants or fictitious party defendants listed or named herein;
**No. 18,** whether singular or plural, being the individual or legal entity, if not already correctly stated herein, who or which was the master, principal, and/or employer of any of the named or fictitious defendants involved in the incident made the basis of this lawsuit;
**No. 19,** whether singular or plural, an affiliate, predecessor, successor, parent, or sister corporation, company, entity, or group of any named defendants or fictitious defendants listed or named herein;
**Nos. 20, 21, and 22**, whether singular or plural, being the persons or legal entities – other than those described hereinabove – whose combined and concurrent negligence, recklessness, wantonness, willfulness, or other wrongful or actionable conduct caused and/or contributed to cause the injuries and damages incurred by the Plaintiff in the incident/occurrence made the basis of this lawsuit, as set forth in this Complaint; **Plaintiff avers that the true and correct identities of the above described fictitious party Defendants (Nos. 1-22) are otherwise unknown to Plaintiff at this time or, if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, and their true names will be supplied by amendment and substitution when ascertained;**

**Defendants.**

---

**COMPLAINT**

---

**STATEMENT OF PARTIES, JURISDICTION & VENUE**

1. Plaintiff, Terri Michelle McDaniel, (hereinafter referred to as "Plaintiff"), is a resident and citizen of Talladega County, Alabama and is over nineteen (19) years of age.

2. Defendant, Wal-Mart Stores East, LP, upon information and belief, is a foreign limited partnership with its principal place of business in Bentonville, Arkansas, but at all times

pertinent and material to the present lawsuit, was registered to do business in the State of Alabama and who did conduct business within Talladega County, Alabama. Specifically, and during all material times pertinent to the present action, Defendant Wal-Mart Stores East, LP owned, operated, controlled, and/or maintained control over the Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150.

3. Defendant, Walmart Inc., upon information and belief, is a foreign corporation with its principal place of business in Bentonville, Arkansas, but at all times pertinent and material to the present lawsuit, was registered to do business in the State of Alabama and who did conduct business within Talladega County, Alabama. Specifically, and during all material times pertinent to the present action, Defendant Walmart Inc. owned, operated, controlled, and/or maintained control over the Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150.

4. Fictitious Party Defendants listed and described herein numbered 1 through 22, are those persons, individuals, limited liability companies, corporations, or other entities described more fully in the caption and incorporated herein, whose negligent, wanton, willful, and/or other wrongful conduct caused or contributed to cause the injuries to Plaintiff, whose true and correct names are unknown to Plaintiff at this time, and whose names will be added by amendment and substitution when ascertained.

5. Jurisdiction is proper in this Court because Defendants were doing business in Talladega County, Alabama at the time of the incident described herein, the amount in controversy exceeds the minimum jurisdictional limits of this Court, and the claims asserted are recognized under Alabama law.

6. Venue is proper in Talladega County, Alabama, because the incident made the basis of this action occurred in Sylacauga, Alabama, and the premises at issue are located in Talladega

County, Alabama.

## STATEMENT OF FACTS

7. On or about May 23, 2025, Plaintiff was a customer/invitee at the Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150, and was on the premises shopping for groceries.

8. While Plaintiff was shopping for groceries on the date of the incident, an employee, agent, or servant of Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, caused a cart to collide with Plaintiff, thereby causing Plaintiff to be violently knocked to the ground.

9. At the time of the incident made the basis of Plaintiff's Complaint, Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, owned, operated, controlled, and/or maintained the premises located at 41301 U.S. Highway 280, Sylacauga, Alabama 35150, where the events giving rise to the incident made the basis of this lawsuit occurred.

10. The employee, agent, or servant who was operating and/or controlling the cart at the time of the incident made the basis of this Complaint, was acting within the line and scope of their employment with Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint.

11. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, entrusted their employee, agent or servant with use of moveable equipment ("the cart") although Defendants knew or by using reasonable care should have known of the employee's incompetence.

12. As a proximate consequence of the negligence and/or wantonness of Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint,

Plaintiff was severely and permanently injured and damaged. Additionally, Plaintiff incurred and will continue to incur medical costs and expenses, out-of-pocket costs and expenses, lost wages, pain and suffering, inconvenience and stress, and mental anguish and emotional distress as a result of the incident made the basis of this Complaint.

**COUNT I**
**NEGLIGENCE**

13. Plaintiff adopts, re-alleges, incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

14. On or about May 23, 2025, while lawfully on the premises of the Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150 as a business invitee, an employee, agent, or servant of Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, negligently operated and/or controlled a cart so as to cause the cart to collide with Plaintiff, thereby causing Plaintiff to be violently knocked to the ground.

15. At the time of the incident made the basis of Plaintiff's Complaint, Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, owned, operated, controlled, and/or maintained the subject premises where the events giving rise to the incident made the basis of this lawsuit occurred.

16. The employee, agent, or servant who was negligently operating and/or controlling the cart at the time of the incident made the basis of this Complaint, was acting within the line and scope of their employment with Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint.

17. At the time of the incident made the basis of Plaintiff's Complaint, Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint,

owed Plaintiff a duty to keep the premises in a reasonably safe condition by the exercise of ordinary and reasonable care, and if the premises are unsafe, a duty to warn Plaintiff of the danger, and Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, breached the duty owed to Plaintiff.

18. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, were negligent in failing to provide a reasonably safe shopping environment and premises for customers/invitees, such as Plaintiff, at Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150.

19. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, knew, should have known, could have known and/or failed to discover that Defendants' negligent failure to maintain a reasonably safe shopping environment and premises for customers/invitees, including keeping the aisles free of hazards and dangerous conditions, rendered the premises unreasonably dangerous to invitees yet Defendants negligently failed to warn of, remove or otherwise remedy the hazard or dangerous condition to make the premises safe for customers/invitees.

20. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, negligently failed to prescribe, adopt, or promulgate rules or policies regarding the safety of the premises, the safe operation of moveable equipment, and maintaining a reasonably safe shopping environment for customers/invitees, such as Plaintiff, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants negligently failed to enforce and/or abide by said rules or policies.

21. As a proximate consequence of the negligence of Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, Plaintiff was injured and damaged as follows:

(a) Plaintiff suffered physical injuries, including but not limited to injuries to her left arm, left hip, lower back, head, and other parts of her body;
(b) She was knocked, shocked, bruised and contused over various portions of her body;
(c) Plaintiff was permanently injured and suffered permanent impairment;
(d) She was caused to incur aggravation and or exacerbation to then-existing conditions that she either did or did not know of at the time of this incident.
(e) Plaintiff was caused to incur expenses for treatment from various doctors, physicians, hospitals, and pharmacies;
(f) Plaintiff will continue to incur expenses for treatment from various medical providers, including but not limited to doctors, physicians, hospitals, and pharmacies;
(g) Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;
(h) Plaintiff has experienced and continues to experience mental anguish and pain and suffering;
(i) Plaintiff is reasonably certain to experience mental anguish and pain and suffering in the future;
(j) Plaintiff was caused to incur out-of-pocket medical expenses;
(k) Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits.

22. Plaintiff avers that the negligent conduct of Defendants, those specifically named and named as fictitious party defendants (Nos. 1-22) in the caption of this Complaint, combined and concurred to proximately cause Plaintiff's injuries and damages as alleged above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against all Defendants, those specifically named and named as fictitious party defendants in the caption of the Complaint, jointly and severally, in an amount to be determined by a struck jury, plus interest and costs from the date of the injury.

**COUNT II**
**WANTONNESS**

23. Plaintiff adopts, re-alleges, incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

24. On or about May 23, 2025, while lawfully on the premises of the Walmart Supercenter #730, located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150, as a business invitee, an employee, agent, or servant of Defendants, those specifically named and

named as fictitious party defendants in the caption of this Complaint, willfully, recklessly and/or wantonly operated and/or controlled a cart so as to cause the cart to collide with Plaintiff, thereby causing Plaintiff to be violently knocked to the ground.

25. At the time of the incident made the basis of Plaintiff's Complaint, Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, owned, operated, controlled, and/or maintained the premises located 41301 U.S. Highway 280, Sylacauga, Alabama 35150, where the events giving rise to the incident made the basis of this lawsuit occurred.

26. The employee, agent, or servant who was willfully, recklessly and/or wantonly operating and/or controlling the cart at the time of the incident made the basis of this Complaint, was acting within the line and scope of their employment with Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, when the employee, agent, or servant willfully, recklessly and/or wantonly caused the cart to collide with Plaintiff violently knocking Plaintiff to the ground.

27. At the time of the incident made the basis of Plaintiff's Complaint, Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, breached the duty owed to Plaintiff a duty to keep the premises in a reasonably safe condition by the exercise of ordinary and reasonable care, and if the premises are unsafe, a duty to warn Plaintiff of the danger.

28. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, were willful, reckless, and/or wanton in failing to provide a reasonably safe shopping environment and premises for customers/invitees, such as Plaintiff, at Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150.

29. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, knew, should have known, could have known and/or failed to discover that Defendants' willful, reckless, and/or wanton failure to maintain a reasonably safe shopping environment and premises for customers/invitees, including keeping the aisles free of hazards and dangerous conditions, rendered the premises unreasonably dangerous to invitees yet Defendants willfully, recklessly and/or wantonly failed to warn of, remove or otherwise remedy the hazard or dangerous condition to make the premises safe for customers/invitees.

30. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, willfully, recklessly, and/or wantonly failed to prescribe, adopt, or promulgate rules or policies regarding the safety of the premises, the safe operation of moveable equipment, and maintaining a reasonably safe shopping environment for customers/invitees, such as Plaintiff, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants willfully, recklessly and/or wantonly failed to enforce and/or abide by said rules or policies.

31. As a proximate consequence of the willfulness, recklessness, and/or wantonness of Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, Plaintiff was injured and damaged as follows:

32. Plaintiff demands punitive damages of the specifically named and fictitious Defendants for their respective willful, reckless, and/or wanton conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against all Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest and costs from the date of the injury.

**COUNT III**

**NEGLIGENT / WANTON, HIRING, TRAINING AND SUPERVISION**

33. Plaintiff adopts, re-alleges, incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

34. The employee, agent, or servant who was operating and/or controlling the cart at the time of the incident made the basis of this Complaint, was acting within the line and scope of their employment with Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, when the employee, agent, or servant negligently, willfully, recklessly, and/or wantonly caused the cart to collide with Plaintiff, violently knocking Plaintiff to the ground.

35. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, failed to prescribe, adopt, or promulgate rules or policies regarding the safety of the premises, the safe operation of moveable equipment, and maintaining a reasonably safe shopping environment for customers/invitees, such as Plaintiff, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants failed to enforce and/or abide by said rules or policies.

36. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, were under an obligation and duty to properly hire, train, supervise, oversee, manage, direct, control, and/or command their employees, agents and/or servants in a manner that would ensure the subject premises were reasonably safe for invitees, such as Plaintiff.

37. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, were under an obligation and duty to properly hire, train, supervise, oversee, manage, direct, control, and/or command their employees, agents and/or servants so as to prevent employees, agents and/or servants from actively causing injury to customers, such as Plaintiff.

38. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint breached their obligation and duty by negligently, recklessly, willfully and/or wantonly failing to properly hire, train, supervise, oversee, manage, direct, control, and/or command their employees, agents and/or servants to maintain the premises in a reasonably safe condition for invitees, such as Plaintiff.

39. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint breached their obligation and duty by negligently, recklessly, willfully and/or wantonly failing to properly hire, train, supervise, oversee, manage, direct, control, and/or command their employees, agents and/or servants to safely operate movable equipment on the sales floor to prevent employees, agents and/or servants from actively causing injury to customers, such as Plaintiff.

40. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, knew or in the exercise of due and proper diligence, could, should or would have learned of the incompetence of Defendants' employee, agent, or servant.

41. As a proximate consequence of the negligence and/or wantonness of Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, Plaintiff was injured and damaged as previously set forth herein.

42. The negligence, wantonness, and negligent, reckless, willful, and/or wanton hiring, training, and supervision, or other wrongful conduct of the Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, combined and concurred to proximately cause Plaintiff's injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against all Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, jointly and severally, for compensatory and punitive damages in an amount to be

determined by a struck jury, plus interest and costs from the date of the injury.

**COUNT IV**
**NEGLIGENT / WANTON ENTRUSTMENT**

43. Plaintiff adopts, re-alleges, incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

44. The employee, agent, or servant who was operating and/or controlling the cart at the time of the incident made the basis of this Complaint, was acting within the line and scope of their employment with Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, when the employee, agent, or servant negligently, willfully, recklessly, and/or wantonly caused the cart to collide with Plaintiff, violently knocking Plaintiff to the ground.

45. At the time of the incident made the basis of Plaintiff's Complaint, Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, owned, operated, controlled, and/or maintained the subject premises where the events giving rise to the incident made the basis of this lawsuit occurred, including custody and/or control of the cart at issue.

46. The incompetent individual who caused or allowed the cart to collide with Plaintiff was an employee, agent or servant of Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, and Defendants entrusted this employee, agent or servant with the use of the cart at the time of the incident made the basis of this lawsuit.

47. Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint entrusted their employee, agent, or servant with use of moveable equipment referred to herein as "the cart," although Defendants knew or by using reasonable care should have known of the individual's incompetence and inability to safely operate and/or control

the moveable equipment in a reasonably safe manner to avoid actively injuring customers, such as Plaintiff.

48. Defendant's negligent and/or wanton entrustment of the cart to a person, who Defendants knew or should have known was likely to operate the cart in a manner involving unreasonable risk of harm to customers, such as Plaintiff, proximately caused severe and permanent injuries and damages to Plaintiff when the incompetent person entrusted with the use of the cart allowed the cart to collide with Plaintiff, violently knocking Plaintiff to the ground.

49. As a proximate consequence of the negligence and/or wantonness of Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, Plaintiff was injured and damaged as previously set forth herein.

50. The negligence and/or wanton entrustment of moveable equipment in the custody and/or control of Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, combined and concurred to proximately cause Plaintiff's injuries.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against all Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest and costs from the date of the injury.

## COUNT V
## RESPONDEAT SUPERIOR, AGENCY, VICARIOUS LIABILITY

51. Plaintiff adopts, re-alleges, incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

52. Plaintiff avers that the individual who negligently, recklessly, willfully, and/or wantonly operated and/or controlled the cart so as to cause the cart to collide with Plaintiff, thereby causing Plaintiff to be violently knocked to the ground was acting within the line and scope of

their employment with Defendants or for the benefit of Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, and/or their subsidiaries, at all times pertinent to the incident made the basis of this Complaint, and said Defendants are responsible for Plaintiff's damages under the doctrine of respondeat superior, agency and/or vicarious liability.

53. Plaintiff avers that the negligent and/or wanton conduct of the employee, agent, or servant of Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, combined and concurred to proximately cause the injuries and damages to Plaintiff as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against all Defendants, those specifically named and named as fictitious party defendants in the caption of this Complaint, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest and costs from the date of the injury.

## COUNT VI
## FICTITIOUS PARTIES

54. Plaintiff adopts, re-alleges, incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

55. All foregoing Counts and causes of action stated herein or contained in any subsequent amendment are hereby adopted and alleged against any fictitious party described in the caption and style of this Complaint.

56. Plaintiff further avers and alleges that the negligence, wantonness, recklessness and/or willfulness of the Fictitious Party Defendants 1 through 22, combined and concurred with the negligence, wantonness, recklessness and/or willfulness of the other specifically named or fictitious party defendants to proximately cause Plaintiff's injuries and damages as previously set

forth herein or are those persons who are responsible for the injuries and damages to Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against all named and fictitious party defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, plus interest and the costs from the date of the injury.

**JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY FOR ALL ISSUES IN THIS CASE.

Respectfully submitted,

Virginia Gambacurta

VIRGINIA F. GAMBACURTA (FLO033)
**MORGAN & MORGAN**
**BIRMINGHAM, PLLC**
216 Summit Blvd, Suite 300
Birmingham, AL 35243
(659) 231-3338
(659) 903-6562 (fax)
virginia.gambacurta@forthepeople.com
COUNSEL FOR THE PLAINTIFF

**PLEASE SERVE THE FOLLOWING VIA CERTIFIED MAIL:**

Wal-Mart Stores East, LP
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

Walmart Inc.
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
7/31/2026 2:14 PM
61-CV-2026-900449.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **TERRI MICHELLE MCDANIEL**<br>**an individual;**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WAL-MART STORES EAST, LP,**<br>**a foreign limited partnership doing business in Alabama; WALMART INC., a foreign corporation doing business in Alabama; and FICTITIOUS PARTY DEFENDANTS;**<br><br>**Defendants.** | ) | **JURY TRIAL DEMANDED**<br><br>**CIVIL ACTION NO.:** |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS**

COMES NOW the Plaintiff, Terri Michelle McDaniel, (hereinafter "Plaintiff") and propounds the following Interrogatories, *separately and severally*, to each named Defendant in the above-styled action, Wal-Mart Stores East, LP, and Walmart Inc., pursuant to Rules 26 and 33 of the *Alabama Rules of Civil Procedure*:

**DEFINITIONS**

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories:

1. "**You**", or "**Your**", or "**Defendant**" as used herein shall mean the specific Defendant answering the Interrogatories, including the Defendant's representatives, agents, attorneys, and all other persons acting or purporting to act on behalf of said Defendant.

2. "**Plaintiff**" shall refer **TERRI MICHELLE MCDANIEL**, and any present or former agents, attorneys, representatives, and all other persons who have acted or purported to act on their behalf pursuant to contract or otherwise, with regard to any of the materials covered by these Interrogatories, whether or not it is contended that such entity or person had authority to act on behalf thereof.

3. “**Person**,” as used herein, means any natural person, as well as any firm, corporation, partnership, proprietorship, association, institution, joint venture, administrative agency, professional association, governmental agency or unit, or any other organization.

4. “**Identify**” or “**Identification**” shall mean:

(a) when used in reference to a natural **person**, the person’s full name, present or last known address, present or last known position, and title and employer or business affiliation;

(b) when used in reference to a **business entity**, the entity’s name and address, its principal place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

(c) when used in reference to a **document**, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents;

(d) when used in reference to **oral communication**, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, and to identify each document that refers or relates to or evidences the communication.

5. “**Relate to**”, “**relating to**”, “**pertain to**”, “**pertaining to**”, “**regarding**”, or “**evidence**”, as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

6 “**Specify in all possible detail**” means to describe completely and accurately the subject matter about which inquiry is made, using the simplest, and most factual statements of which you are capable.

7. Plural words include the singular equivalent, and singular words include the plural equivalent.

8. “**Or**” as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by “or.” Rather, whenever applicable, “or” should be read as having the same meaning as the word “and” and vice versa, i.e., “**and**” includes the disjunctive “**or**”, and “**or**” includes the conjunctive “**and**”.

9. “**Incident**” or “**Accident**” refers to the incident/accident made the basis of

Plaintiff's Complaint.

## INSTRUCTIONS

1. In answering these Interrogatories, you are required to furnish all information available to you or subject to reasonable inquiry by you, including, but not limited to, information in your possession, the possession of your attorneys, advisors or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

2. If you possess no information and/or documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response.

3. If any information called for by an interrogatory is withheld because you claim such information is contained in a privileged document in your possession, custody, or control, please specifically state the following in the form of a **privilege log**:

(a) The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

(b) The date of the document(s) creation or receipt, its type/format (i.e., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee(s) and/or recipient(s);

(c) All other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

(d) A description of the subject matter discussed, described, referred to therein, and content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

(e) The location of the document(s);

(f) The custodian of the document(s).

4. In addition to the instructions pertaining to the interrogatory, if Defendant chooses to attach documents in lieu of an answer to a specific interrogatory, Plaintiff requests that each document be segregated, organized, identified and labeled to correspond to the numbered request and response to which the items are being produced.

## DUTY OF SUPPLEMENTATION

These interrogatories shall be deemed continuing. You are under a duty seasonably to supplement, update, and amend your responses and answers, including but not limited to the following discovery in the following categories:

1. Any request or question directly addressed to:

(a) the identity and location of people who have knowledge of discoverable matters, and

(b) the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

2. Any response or answer to questions or requests, if you obtain information upon the basis of which:

(a) you know that the prior response was incorrect when made, or

(b) you know that the response when made is no longer true, complete and accurate and failure to amend the response is in substance knowing concealment.

**FIRST INTERROGATORIES TO DEFENDANT**

1. What are the names, telephone numbers and addresses of all persons taking part in answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed at the time of the incident and when answering these interrogatories?

**RESPONSE:**

2. If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**RESPONSE:**

3. Do you contend that any individual or entity other than this Defendant caused or contributed to cause the incident made the basis of this case? If so, specify in all possible detail each and every fact upon which you base such contention, and identify each individual or entity by name.

**RESPONSE:**

4. Identify the entity or entities that (a) owned the Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150 on the date of the incident made the basis of this case, and (b) operated the Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150 on the date of the incident made the basis of this case.

**RESPONSE:**

5. State the location within the subject premises where the incident occurred.

**RESPONSE:**

6. Identify all employees, agents, and servants working at the Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150 on May 23, 2025, and include the job title or description for each person named.

**RESPONSE:**

7. Identify all employees, agents, and servants present in the area at the time of the Incident and provide their job titles and roles.

**RESPONSE:**

8. Identify the person who was operating the cart that struck Plaintiff on May 23, 2025, including (a) full name, (b) job title, (c) employer, and (d) complete contact information.

**RESPONSE:**

9. Identify all witnesses to the incident, including patrons, and describe what Defendant contends each witness observed.

**RESPONSE:**

10. At the time of the incident made the basis of this case, was it the regular course of business and standard procedure for Defendant to investigate any accident on the premises wherein somebody was injured?

**RESPONSE:**

11. Identify any and all persons and/or entities who performed any investigation into the incident made the basis of this case. For each person identified, please provide their address, telephone number, employer, and job title.

**RESPONSE:**

12. Identify any and all persons who spoke with Plaintiff on the date of the incident made the basis of this case or at any time after the incident. For each person identified, please include their address, telephone number, employer, and job title

**RESPONSE:**

13. Specify in all possible detail any and all communications (email, text, voicemail, internal messaging, workplace chat) regarding the incident, both internal and external.

**RESPONSE:**

14 Identify every audio/video recording system covering the area where the incident occurred, including CCTV/surveillance camera locations and retention periods.

**RESPONSE:**

15. Specify in all possible detail whether any video is or was available that captured the incident made the basis of this case. If no audio/video is available, explain why no such audio/video exists.

**RESPONSE:**

16. Do you or anyone acting on your behalf know of any photographs, films, or videotapes depicting any place, object, or individual involved in the incident made the basis of this case? If so, please provide the date the photographs, film, or videotapes were taken, a brief description of the places, objects, or persons photographed, filmed, or videotaped, and the identity of the person(s) who took or created the photographs, films, or videotapes.

**RESPONSE:**

17. Please provide the name, address, and telephone number of every person whom you have interviewed and/or from whom you have taken a statement regarding the incident, including the Plaintiff. Please be sure to include the date each interview or statement was taken, the identity of the person(s) conducting each interview or taking each statement, whether the interview or statement was recorded or transcribed and, where applicable, the identity of the person(s) having possession, care, custody and/or control of each recorded or transcribed interview or statement.

**RESPONSE:**

18. With respect to this incident, list by document title, description and/or form number each and every form filled out and/or report made by this Defendant or any employee, agent, servant, or representative of this Defendant, whether an internal report, form, or document or a report, form, or document sent to a third party. Please be sure to include the identity of every person who prepared or completed and/or assisted in preparing or completing each report, form, or document and the date of each such form, report, or document.

**RESPONSE:**

19. Specify in all possible detail how the incident made the basis of this case occurred, including in your response the sequence of events that you observed, were told of and/or otherwise understood to have occurred with respect to the incident made the basis of this case and all actions taken by this Defendant to prevent the incident.

**RESPONSE**:

20. Specify in all possible detail any and all prior incidents, complaints, or claims (formal or informal) involving customer injuries at Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150 in the five (5) years prior to the date of the incident made the basis of this case. For each incident, provide the name, address, and telephone number for each person involved in the prior incident and describe how the person was involved.

**RESPONSE**:

21. Specify in all possible detail all safety policies and procedures in force at Walmart Supercenter, Store #730 on the date of the incident made the basis of this case.

**RESPONSE**:

22. On or before the date of the incident made the basis of this case, were employees, agents and/or servants working at Walmart Supercenter, Store #730 provided with training and/or materials regarding safety, customer service, accident/incident avoidance, and incident reporting? If so, specify in all possible detail all such training and/or materials provided to the employees, agents, and/or servants.

**RESPONSE**:

23. List each and every person or entity who or which to your knowledge had any duty relating to keeping the premises involved in the lawsuit in a reasonably safe condition or reasonably free from danger on the date of the occurrence made the basis of his lawsuit or prior thereto. For each person, please provide the name, address, telephone number, job title, and whether said person is currently employed by this Defendant.

**RESPONSE**:

24. Identify all policies of insurance in force and effect that may may provide coverage for the claims made in this lawsuit, including in your answer all coverages, insurer names, policy numbers, named insureds, and respective policy limits.

**RESPONSE**:

25. Identify all agreements that may provide indemnity or additional coverage for Defendant for this incident (e.g. lease agreements, vendor contracts, security contracts, transportation service contracts, or similar), and state whether this Defendant has demanded defense and/or indemnification pursuant to any of the agreements identified in response to this interrogatory, including the date such claim was made and what person(s) or entity(ies) such claim was made against.

**RESPONSE**:

26. List the names and addresses of all persons who are believed or known by you, your agents or your attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which all such persons have knowledge.

**RESPONSE:**

27. State the full name and address of each witness that you expect to call at the trial of this case.

**RESPONSE:**

28. Please state the name and address of each expert witness that you expect to call at the trial of this case, state the subject matter on which said experts are expected to testify, and the basis for said opinions. Attach a copy of each expert witness's curriculum vitae to these responses.

**RESPONSE:**

29. List and describe each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case. Attach a copy of each such item to your response.

**RESPONSE:**

30. Identify all document(s) relied upon or examined in preparation of Defendant's responses to these interrogatories.

**RESPONSE:**

VIRGINIA F. GAMBACURTA (FLO033)
**MORGAN & MORGAN**
**BIRMINGHAM, PLLC**
216 Summit Blvd, Suite 300
Birmingham, AL 35243
(659) 231-3338
(659) 903-6562 (fax)
virginia.gambacurta@forthepeople.com
COUNSEL FOR THE PLAINTIFF

**PLEASE SERVE WITH PLAINTIFF'S COMPLAINT**
**VIA CERTIFIED MAIL TO THE FOLLOWING:**

Wal-Mart Stores East, LP
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

Walmart Inc.
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
7/31/2026 2:14 PM
61-CV-2026-900449.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **TERRI MICHELLE MCDANIEL, an individual;** | ) | |
| **Plaintiff,** | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | **CIVIL ACTION NO.:** |
| **WAL-MART STORES EAST, LP, a foreign limited partnership doing business in Alabama; WALMART INC., a foreign corporation doing business in Alabama; and FICTITIOUS PARTY DEFENDANTS.** | ) | |

---

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

---

COMES NOW the Plaintiff, Terri Michelle McDaniel, (hereinafter "Plaintiff") and propounds the following Request for Production, *separately and severally*, to each named Defendant in the above-styled action, Wal-Mart Stores East, LP, and Walmart Inc., pursuant to Rules 26 and 34 of the *Alabama Rules of Civil Procedure*:

**<u>DEFINITIONS</u>**

Unless otherwise indicated, the following definitions shall be applicable to the Request for Production:

1. "**You**", or "**Your**", or "**Defendant**" as used herein shall mean the specific Defendant answering the Request for Production, including the Defendant's representatives, agents, attorneys, and all other persons acting or purporting to act on behalf of said Defendant.

2. "**Plaintiff**" shall refer **TERRI MICHELLE MCDANIEL**, and any present or former agents, attorneys, representatives, and all other persons who have acted or purported to act on their behalf pursuant to contract or otherwise, with regard to any of the materials covered by the Request for Production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

3. “**Person**,” as used herein, means any natural person, as well as any firm, corporation, partnership, proprietorship, association, institution, joint venture, administrative agency, professional association, governmental agency or unit, or any other organization.

4. “**Document(s)**,” “**material(s)**, “**record(s)**” as used herein are used in the broadest possible sense and shall include any written, printed, recorded, graphic, electronic, and computerized matter or sound reproductions, however produced or reproduced, of any kind, including, but not limited to, the original or any copy of correspondence, letters, interoffice memoranda, interoffice directives, telephone conference memoranda, records memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access to and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of, electronic or other computerized data. Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

5. “**Identify**” or “**Identification**” shall mean:

(a) when used in reference to a natural **person**, the person’s full name, present or last known address, present or last known position, and title and employer or business affiliation;

(b) when used in reference to a **business entity**, the entity’s name and address, its principal place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

(c) when used in reference to a **document**, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents;

(d) when used in reference to **oral communication**, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, and to identify each document that refers or relates to or evidences the communication.

6. “**Relate to**”, “**relating to**”, “**pertain to**”, “**pertaining to**”, “**regarding**”, or “**evidence**”, as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

7 “**Specify in all possible detail**” means to describe completely and accurately the subject matter about which inquiry is made, using the simplest, and most factual statements of which you are capable.

8. Plural words include the singular equivalent, and singular words include the plural equivalent.

9. “**Or**” as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by “or.” Rather, whenever applicable, “or” should be read as having the same meaning as the word “and” and vice versa, i.e., “**and**” includes the disjunctive “**or**”, and “**or**” includes the conjunctive “**and**”.

10. “**Incident**” or “**Accident**” refers to the incident/accident made the basis of Plaintiff’s Complaint.

## INSTRUCTIONS

1. In answering the Request for Production, you are required to furnish all documents, materials, and information available to you or subject to reasonable inquiry by you, including, but not limited to, documents, materials, and information in your possession, the possession of your attorneys, advisors, or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

2. With respect to documents and materials produced in response to the requests set forth herein, said items should be organized and labeled to correspond with the categories in the requests.

3. If you possess no documents responsive to a paragraph of a request, please state this fact and specify the paragraph concerned in your response.

4. If any material called for by a request is withheld because you claim such material is privileged, please specifically state the following in the form of a **privilege log**:

(a) The precise privilege or immunity claimed and the factual and/or legal basis for asserting the privilege as to each such document or category of documents;

(b) The date of the document(s) creation or receipt, its type/format (i.e., correspondence, memorandum, email, etc.), and the name of each author, sender, addressee(s) and/or recipient(s);

(c) All other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

(d) A description of the subject matter discussed, described, referred to therein, and content of the document(s) to sufficiently enable the Court to rule on the propriety of the privilege or immunity you are asserting;

(e) The location of the document(s)/material(s);

(f) The custodian of the document(s)/material(s).

## DUTY OF SUPPLEMENTATION

These requests shall be deemed continuing. You are under a duty seasonably to supplement, update, and amend your responses and answers, including but not limited to the following discovery in the following categories:

1. Any request or question directly addressed to:

(a) the identity and location of people who have knowledge of discoverable matters, and

(b) the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

2. Any response or answer to questions or requests, if you obtain information, documents or materials upon the basis of which:

(a) you know that the prior response was incorrect when made, or

(b) you know that the response when made is no longer true, complete and accurate and failure to amend the response is in substance knowing concealment.

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

1. Produce all documentation in the possession of this Defendant or any of its agents, servants and/or employees which relates to Plaintiff. This request includes, but is not limited to, interoffice memoranda, electronically maintained data, notes or any other written documents or records pertaining to the incident and/or Plaintiff that were not prepared in anticipation of litigation and are otherwise not protected under the attorney-client privilege.

**RESPONSE:**

2. Produce all accident/incident reports, internal/external reports, management reports, or any other compilation of information prepared following the incident made the basis of this case, including but not limited to any and all reports made by or for this Defendant regarding, referencing, or in any way relating to the incident made the basis of this case.

**RESPONSE:**

3. Produce all photographs, films, drawings, diagrams, maps, video, or any other form of media depicting any place, object, or individual involved in and/or the events surrounding the incident made the basis of this case. For each item produced in response to this request, please provide the date it was created and the identity of the person who created the item.

**RESPONSE:**

4. Produce a full and complete copy of all video footage (CCTV/security/surveillance) depicting Plaintiff on the premises on the date of the incident, including interior and exterior cameras, and aftermath captured by any and all of the cameras on the subject premises. Please be sure to include all accompanying audio or other information recorded with said video footage.

**RESPONSE:**

5. Produce any and all photographs depicting the Plaintiff at any time while on the premises of Walmart Supercenter, Store #730 on May 23, 2025, including photographs depicting the incident at issue in this case, whether in Defendant's possession, custody, care, or control or the possession, care, custody, or control of Defendant's representatives, agents, servants, or employees.

**RESPONSE:**

6. Produce full and complete copies of all written, recorded, and/or transcribed statements, affidavits, or interviews obtained by this Defendant or on this Defendant's behalf concerning the incident made the basis of this case.

**RESPONSE:**

7. Produce the employee schedule/roster from May 23, 2025 for Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150, including both hourly and salary managers, associates, and other employees along with their respective job titles/positions.

**RESPONSE:**

8. Produce timecards, timesheets, punch data, or similar documentation identifying all employees who were present at Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150 on May 23, 2025 at any time before, during, or after the incident.

**RESPONSE:**

9. Produce the entire employment and personnel file for the person who was operating the cart that struck Plaintiff on May 23, 2025, including but not limited to hiring, orientation, training, qualifications, performance evaluations, disciplinary history, reprimands, incident history, and complaints.

**RESPONSE:**

10. Produce all employee handbooks, manuals, orientation documents, training materials, and all other documents, items, and things that reference, relate to, identify, describe, demonstrate and/or evidence all initial and ongoing training and monitoring provided and/or available to employees of Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150 on and prior to May 23, 2025. This request includes hard copies, video tapes, online resources, and any other format in which the requested materials are provided and/or made available to Walmart employees, associates, managers, supervisors, trainers, and other personnel.

**RESPONSE:**

11. Produce copies of all documents, manuals, pamphlets, handouts, slides, online programs/resources, and any other materials of any kind that reference customer safety, premises safety, or accident/incident prevention, response, and reporting.

**RESPONSE:**

12. Produce all materials referencing any and all corrective actions, safety meetings, retraining, reprimands, or other changes made to store/employee policies, procedures, or practices after the incident.

**RESPONSE:**

13. Produce a full and complete copy of the lease or rental agreement concerning the subject premises, including all addendums, riders, attachments, or any other item or thing incorporated by reference into said agreement.

**RESPONSE:**

14. For the five (5) years preceding the incident made the basis of this case, provide an incident-based loss run report for Walmart Supercenter #730 located at or near 41301 U.S. Highway 280, Sylacauga, Alabama 35150.

**RESPONSE:**

15. For the five (5) years preceding the incident made the basis of this case, provide

copies of all incident reports and customer complaints involving carts similar to the one made the basis of this case, or involving a customer being struck by an item or equipment under the control of or being utilized by an employee, agent, or servant of any Walmart, Walmart Supercenter, or Walmart Neighborhood Market operating in Alabama.

**RESPONSE:**

16. For the five (5) years preceding the incident made the basis of this case, produce a list of any and all civil lawsuits against this Defendant or any employee, agent, or servant of this Defendant, claiming injury in a similar incident occurring on any premises owned, operated, and/or controlled by this Defendant. This should include the civil action number of any such lawsuits, location of filing, current disposition and identify plaintiff and defense counsel.

**RESPONSE:**

17. Produce copies of all communications, enclosures and attachments, both internal and external, including but not limited to emails, texts, voicemails, internal messaging, workplace chat, instant messages, direct messages, regarding the incident, the allegations in the Complaint, and/or Plaintiff's injuries/damages.

**RESPONSE:**

18. Produce all documents, exhibits, photographs, drawings, maps, demonstrative aids, and/or any other reproduction that you intend to use at trial.

**RESPONSE:**

19. Produce a curriculum vitae for all experts retained on behalf of the defense in this case.

**RESPONSE:**

20. Produce full and complete copies of all correspondence, notes, reports, diagrams, accident recreations, photographs, recordings, calculations, or other similar data regarding the incident made the basis of this case, whether final or preliminary, created by any expert witness retained on behalf of the defense in this case.

**RESPONSE:**

21. Produce a summary of the opinions of all experts retained on behalf of the defense in this case, including the basis of the opinions, along with copies of all texts, treatises, or other authoritative materials relied upon or otherwise consulted by the expert(s) when formulating the opinions.

**RESPONSE:**

22. Produce copies of each and every insurance agreement under which any person carrying on an insurance business or entity carrying on an insurance business may be liable to satisfy part of or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment rendered in this action. Please attach all portions of each such policy including, but not limited to, the declaration page or pages. This request specifically and expressly requests copies of all available policies, both primary and excess insurance policies.

**RESPONSE:**

23. Produce all communications or materials sent to or received from any insurance carrier relating to the incident, excluding privileged attorney-client communications but including claim notes, adjuster correspondence, and non-privileged factual materials.

**RESPONSE:**

24. Produce copies of all preservation letters/notices referencing the incident made the basis of this case, and all communications regarding your response to the preservation notice and steps taken to preserve ESI relevant to the incident, including surveillance and document retention actions.

**RESPONSE:**

25. Produce any and all documents, materials and other physical evidence relating to, concerning or purporting to support any defenses raised in Defendant's Answer to Plaintiff's Complaint.

**RESPONSE:**

26. Produce copies of all documents, materials, and other physical evidence received by you or on your behalf from a non-party or a co-defendant, whether through written discovery, subpoena, Freedom of Information Act request or otherwise, which relate in any way to the incident or the claims asserted in the present case. This includes, but is not limited to, an ongoing request for medical records, bills, and any other documents specifically related to Plaintiff.

**RESPONSE:**

27. Produce copies of any and all documents consulted, described, reviewed, referenced, or otherwise used by you in any manner in formulating your responses to Plaintiff's Interrogatories and/or Request for Production.

**RESPONSE:**

VIRGINIA F. GAMBACURTA (FLO033)
**MORGAN & MORGAN**
**BIRMINGHAM, PLLC**
216 Summit Blvd, Suite 300
Birmingham, AL 35243
(659) 231-3338
(659) 903-6562 (fax)
virginia.gambacurta@forthepeople.com
COUNSEL FOR THE PLAINTIFF

**PLEASE SERVE WITH PLAINTIFF'S COMPLAINT**
**VIA CERTIFIED MAIL TO THE FOLLOWING:**

Wal-Mart Stores East, LP
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

Walmart Inc.
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

State of Alabama
Unified Judicial System
Form C-34 Rev. 4/2024

**SUMMONS**
**- CIVIL -**

**Court Case Number**
61-CV-2026-900449.00

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA COUNTY, ALABAMA**
**TERRI MICHELLE MCDANIEL V. WAL-MART STORES EAST, LP ET AL**

**NOTICE TO:** WAL-MART STORES EAST, LP, 2 NORTH JACKSON ST. SUITE 605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), VIRGINIA FLOWERS GAMBACURTA,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 216 Summit Blvd, Ste 300, BIRMINGHAM, AL 35243.
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of TERRI MICHELLE MCDANIEL *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

07/31/2026 *(Date)* /s/ BRIAN YORK *(Signature of Clerk)* By: ________ *(Name)*

☑ Certified Mail is hereby requested. /s/ VIRGINIA FLOWERS GAMBACURTA *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ________ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ________ *(First and Last Name of Person Served)* in ________ *(Name of County)* County, Alabama on ________ *(Date)*.

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found
☐ I certify that service of process of this Summons and the Complaint or other document was refused by ________ *(First and Last Name of Person Served)* in ________ *(Name of County)* County, Alabama on ________ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

State of Alabama
Unified Judicial System
Form C-34 Rev. 4/2024

# SUMMONS
# - CIVIL -

**Court Case Number**
61-CV-2026-900449.00

**IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA COUNTY, ALABAMA**
**TERRI MICHELLE MCDANIEL V. WAL-MART STORES EAST, LP ET AL**

**NOTICE TO:** WALMART INC., 2 NORTH JACKSON ST. SUITE 605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
VIRGINIA FLOWERS GAMBACURTA ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 216 Summit Blvd, Ste 300, BIRMINGHAM, AL 35243 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of TERRI MICHELLE MCDANIEL *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

07/31/2026 *(Date)* /s/ BRIAN YORK *(Signature of Clerk)* By: ______ *(Name)*

☑ Certified Mail is hereby requested. /s/ VIRGINIA FLOWERS GAMBACURTA *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ______ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ______ *(First and Last Name of Person Served)* in ______ *(Name of County)* County, Alabama on ______ *(Date)*.

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found
☐ I certify that service of process of this Summons and the Complaint or other document was refused by ______ *(First and Last Name of Person Served)* in ______ *(Name of County)* County, Alabama on ______ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

Batch #2101/7299 Seq #1 Tracking #9590940298055266115091

ELECTRONICALLY FILED
8/25/2026 3:16 PM
61-CV-2026-900449.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Walmart Inc
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Al 36104

9590 9402 9805 5266 1150 91

2. Article Number (Transfer from service label)

9589 0710 5270 2074 5777 13

Tiffany Ford 8.7.26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ ...red Mail
- ☐ ...red Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

DOCUMENT 7



USPS TRACKING#

9590 9402 9805 5266 1150 91

Batch #210177399 Seq #1 Tracking # 9590940298055266115091

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Amanda Roberts
morgan + morgan
216 Summit Blvd #300
Birmingham, Al 35243

17864378

Batch #21017799 Seq #1 Tracking #9590940298055266115091

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Walmart Inc
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

9590 9402 9805 5266 1150 91

2. Article Number *(Transfer from service label)*

9589 0710 5270 2074 5777 13

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X Jeff Ford

☒ Agent
☐ Addressee

B. Received by *(Printed Name)*
Tiffany Ford

C. Date of Delivery
8-7-24

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

USPS TRACKING#

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Batch #210177399 Seq #1 Tracking # 9590940298055266115091

9590 9402 9805 5266 1150 91

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Amanda Roberts
Morgan + Morgan
216 Summit Blvd #300
Birmingham, Al 35243

17864378

ELECTRONICALLY FILED
8/25/2026 3:18 PM
61-CV-2026-900449.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Walmart Stores East, LP
c/o CT Corporation system
2 North Jackson St.
Suite 605
montgomery, AL
36104

9590 9402 9805 5266 1161 11

2. Article Number *(Transfer from service label)*

9589 0710 5270 2074 5777 20

Tiffany Ford 8-18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

USPS TRACKING #

9590 9402 9805 5266 1161 11

Batch #210177399 Seq #4 Tracking # 9590940298055266116111

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Amanda Roberts
Morgan & Morgan
216 Summit Blvd. Ste. 300
Birmingham, AL 35243

17864378

DOCUMENT 8



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Walmart Stores East, LP
c/o CT Corporation System
2 North Jackson St.
Suite 605
Montgomery, AL 36104

9590 9402 9805 5266 1161 11

2. Article Number *(Transfer from service label)*

9589 0710 5270 2074 5777 20

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Tiff Ford

☒ Agent
☐ Addressee

B. Received by *(Printed Name)*

Tiffany Ford

C. Date of Delivery

8-7-24

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

USPS TRACKING #

9590 9402 9805 5266 1161 11

Batch #210177399 Seq #4 Tracking # 9590940298055266116111

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Amanda Roberts
Morgan & Morgan
216 Summit Blvd. St. 300
Birmingham, AL 35243

17864378

AlaFile E-Notice

61-CV-2026-900449.00

To: VIRGINIA FLOWERS GAMBACURTA
virginia.gambacurta@forthepeople.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

TERRI MICHELLE MCDANIEL V. WAL-MART STORES EAST, LP ET AL
61-CV-2026-900449.00

The following RETURN ON SERVICE - SERVED was FILED on 8/25/2026 3:16:44 PM

Notice Date: 8/25/2026 3:16:44 PM

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

AlaFile E-Notice

61-CV-2026-900449.00

To: WAL-MART STORES EAST, LP (PRO SE)
2 NORTH JACKSON ST.
SUITE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

TERRI MICHELLE MCDANIEL V. WAL-MART STORES EAST, LP ET AL
61-CV-2026-900449.00

The following RETURN ON SERVICE - SERVED was FILED on 8/25/2026 3:16:44 PM

Notice Date: 8/25/2026 3:16:44 PM

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

AlaFile E-Notice

61-CV-2026-900449.00

To: WALMART INC. (PRO SE)
2 NORTH JACKSON ST.
SUITE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

TERRI MICHELLE MCDANIEL V. WAL-MART STORES EAST, LP ET AL
61-CV-2026-900449.00

The following RETURN ON SERVICE - SERVED was FILED on 8/25/2026 3:16:44 PM

Notice Date: 8/25/2026 3:16:44 PM

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

AlaFile E-Notice

61-CV-2026-900449.00

To: VIRGINIA FLOWERS GAMBACURTA
virginia.gambacurta@forthepeople.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

TERRI MICHELLE MCDANIEL V. WAL-MART STORES EAST, LP ET AL
61-CV-2026-900449.00

The following RETURN ON SERVICE - SERVED was FILED on 8/25/2026 3:16:44 PM

Notice Date: 8/25/2026 3:16:44 PM

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov